UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER ROBERT NOLAND,<br><br>Plaintiff,<br>v.<br><br>TRIA BEAUTY, INC et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01700-LK<br><br>ORDER DENYING MOTION FOR DEFAULT, DENYING MOTION FOR ALTERNATIVE SERVICE, AND GRANTING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Plaintiff Christopher Noland's amended motion for default judgment against Defendant Tria Beauty, Inc., Dkt. No. 16, Mr. Noland's amended motion for alternative service as to Defendant The Beauty Tech Group PLC, Dkt. No. 19, and Defendant Tria Beauty, Inc.'s motion to extend time to respond to the complaint, Dkt. No. 28. For the reasons explained below, the Court denies the motion for default judgment, denies the motion for alternative service as moot, and grants the motion for additional time to respond.

## I. BACKGROUND

Proceeding pro se and *in forma pauperis*, Mr. Noland filed a complaint alleging that he was harmed by a handheld electronic skincare device sold by Defendants called the "CurrentBody

Skin RF Radio Frequency Skin Tightening Device." Dkt. No. 5 at 6, 8–9. He seeks damages for alleged violation of the Washington Consumer Protection Act, violation of the Federal Food, Drug, and Cosmetic Act, and for product liability under Chapter 7.72 of the Revised Code of Washington. *Id.* at 12–16. He also alleges that Defendant The Beauty Tech Group PLC assumed liabilities of Tria Beauty, Inc., and that "Defendants The Beauty Tech Group PLC, The Beauty Tech Group LLC, and Tria Beauty, Inc. operate as a single enterprise for purposes of United States consumer transactions." *Id.* at 16–17.

On May 19, 2026, the Court issued summonses for each of the three named Defendants: (1) Tria Beauty, Inc., dba CurrentBodyUS, (2) The Beauty Tech Group LLC, dba CurrentBodyUS, and (3) The Beauty Tech Group PLC, dba CurrentBody and CurrentBodyUS. Dkt. No. 6. The summons for each entity listed the same address in Wilmington, Delaware. *Id.* at 1, 3, 5. On May 26, 2026, Mr. Noland filed a praecipe requesting that the Clerk issue an updated summons to The Beauty Tech Group PLC with an address in the United Kingdom, Dkt. No. 8, which the Clerk subsequently issued, Dkt. No. 9. On May 31, 2026, Mr. Noland filed a second "praecipe" requesting that the Clerk "effectuate service of process upon Defendant The Beauty Tech Group PLC pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) by addressing and sending via international registered mail" the complaint and summons. Dkt. No. 10 at 1. That same day, Mr. Noland also filed proof of service of the complaint on Tria Beauty, Inc. and The Beauty Tech Group PLC (but not The Beauty Tech Group LLC), indicating that the process server had served the summons on "Ms. Denise," located in Wilmington, Delaware and employed as an agent of "Corporation Service Company," which is "designated by law to accepted service of process on behalf of" Tria Beauty, Inc. and The Beauty Tech Group PLC. Dkt. No. 11.

Mr. Noland filed an identical proof of service two weeks later, on June 16, 2026, Dkt. No. 12, along with a motion for alternative service seeking an order from the Court directing the Clerk

"to effect service of process on . . . The Beauty Tech Group PLC" "by sending the summons and complaint to Defendant's legal representatives in the United Kingdom." Dkt. No. 13 at 1. The next day, Mr. Noland filed a Rule 55(a) motion for entry of default against Tria Beauty, Inc., which he then amended twice; the operative pending motion for entry of default was filed on June 24, 2026. Dkt. Nos. 14–17. On June 29, 2026, Mr. Noland filed a notice of undeliverable service, stating that Corporation Service Company ("CSC"), Tria Beauty, Inc.'s "registered agent of record," was "unable to forward service of process to Defendant Tria Beauty, Inc. due to the absence of a valid forwarding address on file for the Defendant." Dkt. No. 18 at 1. The same day, Mr. Noland filed an amended motion for alternative service regarding The Beauty Tech Group PLC. Dkt. No. 19.

On July 24, 2026, counsel for all Defendants appeared and filed a response in opposition to the motion for entry of default against Tria Beauty, Inc. Dkt. Nos. 25–26. Counsel indicated that he represented Tria Beauty, Inc. and "the two other defendants that apparently have not yet been served," namely, The Beauty Tech Group PLC and The Beauty Tech Group LLC. Dkt. No. 26 at 1. In their response to Mr. Noland's motion for entry of default, Defendants asserted that it is unclear whether Tria Beauty, Inc. "has in fact failed to timely respond to a validly served summons and complaint," because Mr. Noland's notice of undeliverable service (Dkt. No. 18) "indicates that the summons and complaint was not forwarded by CSC to Tria because CSC did not have a valid forwarding address." Dkt. No. 26 at 2. On July 29, 2026, The Beauty Tech Group PLC and The Beauty Tech Group LLC waived service. Dkt. No. 27. The same day, Tria Beauty, Inc. filed a motion to extend the time to respond to the complaint, requesting that its response deadline be set for the same date as the response deadline for the two defendants that waived service, or September 29, 2026. Dkt. No. 28. On August 4, Defendants submitted a corporate disclosure statement indicating that based on "information currently available, Tria Beauty, Inc. previously

was a Delaware corporation but it is no longer in good standing" and that the two other defendants are located in the United Kingdom. Dkt. No. 29 at 1–2.

## II. DISCUSSION

### A. The Motion for Alternative Service is Moot

Because The Beauty Tech Group PLC has waived service, Dkt. No. 27 at 2, the Court denies as moot Mr. Noland's amended motion for alternative service on that entity, Dkt. No. 19.

### B. The Court Denies the Motion for Entry of Default

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This District's Local Civil Rules also require that the moving party submit an affidavit "specifically show[ing] that the defaulting party was served in a manner authorized by [Federal Rule of Civil Procedure] 4." LCR 55(a); *see also Quinteros v. InnoGames*, No. C19-1402-RSM, 2020 WL 995854, at *2 (W.D. Wash. Mar. 2, 2020). Absent such a showing, the Clerk cannot enter the default of any "party against whom a judgment for affirmative relief is sought [but who] has failed to plead or otherwise defend." LCR 55(a). Even where entry of default is warranted, default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Mr. Noland's amended motion for entry of default against Tria Beauty, Inc., Dkt. No. 16, did not comply with Local Civil Rule 55(a) because it did not show by affidavit that he has properly served the allegedly defaulting defendants with the summons and complaint. LCR 55(a). Indeed, it is not clear from the record whether any Defendant was properly served because the initial summonses were all sent to the same Wilmington, Delaware address, Dkt. No. 11, but Mr. Noland indicated that the Defendants' alleged agent of record, the Corporation Service Company, "was

unable to forward service of process" to Tria Beauty, Inc, Dkt. No. 18 at 1. Mr. Noland may not move for entry of default against an entity that he acknowledges has not yet been served. Further, based on Defendants' corporate disclosure statement, Dkt. No. 29, it appears that Tria Beauty, Inc. is no longer a viable corporate entity.[1]

More fundamentally, the case should be decided on the merits. *See Eitel*, 782 at 1472. Counsel for Defendants has appeared, after only a minimal delay, and all three Defendants (to the extent there are in fact three properly named entities) have either been served or have waived service, so this action may now proceed in due course. Defendants indicate that they will raise threshold jurisdictional defenses. Dkt. No. 28 at 3–4. Entry of default is not warranted given Defendants' appearance and stated intention to defend against the claims raised by Mr. Noland.

**C. The Court Grants the Motion for Additional Time to Respond**

Tria Beauty, Inc. moves to extend the time for its response to Mr. Noland's complaint. Dkt. No. 28. It argues that all "three defendants are represented by the same counsel, and all of them will be filing motions to dismiss raising certain common issues," so the common issues should be briefed and adjudicated together in the interests of judicial economy. *Id.* at 1. Any response from Mr. Noland was due by August 7, 2026, *see* LCR 7(d)(2); he did not file an opposition to the motion by this deadline.

Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Furthermore, the Court agrees with Tria Beauty, Inc. that extending its time to respond to Mr. Noland's complaint will further the interests of judicial economy, and further finds that Mr. Noland

---

[1] *See also CurrentBody, the Beauty Tech Experts, Acquires Tria Beauty – Innovators in At-Home Laser Hair Removal*, BusinessWire (Oct. 21, 2024), https://www.businesswire.com/news/home/20241021025052/en/CurrentBody-the-Beauty-Tech-Experts-Acquires-Tria-Beauty-Innovators-in-At-Home-Laser-Hair-Removal ("CurrentBody has completed the acquisition of Tria Beauty.").

will not be prejudiced by such delay given his lack of opposition to the motion and the indications that Tria Beauty, Inc. may not have been properly served in the first place. The Court thus finds good cause to extend Tria Beauty, Inc.'s deadline to respond to the complaint. *See* Fed. R. Civ. P. 6(b)(1)(A), 12(a)(1)(A)(ii).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES as moot Mr. Noland's motion for alternative service, Dkt. No. 19, DENIES Mr. Noland's motion for entry of default, Dkt. No. 16, and GRANTS Tria Beauty, Inc.'s motion for additional time to respond, Dkt. No. 28. All Defendants' response to the complaint is due by September 29, 2026.

Dated this 13th day of August, 2026.

Lauren King
United States District Judge